J. R. MAYERS CO., INC., Respondent, *v.* THE W. F. POWERS COMPANY, Appellant.

First Department, December 17, 1926.

Contracts — action to recover balance due on contract — defendant agreed to manufacture calendars for third person under contract procured by plaintiff — plaintiff assigned all moneys due or to become due to defendant — plaintiff was to make collections with reserved right in defendant to collect if it deemed it necessary — defendant agreed to account for all in excess of amount due it — plaintiff guaranteed full payment of amount due defendant — third person became financially embarrassed and defendant accepted part cash and deferred payment certificate — defendant tendered certificate to plaintiff retaining only sufficient cash to pay defendant's bill — defendant acted within authority of contract — plaintiff's consent to settlement not necessary under contract.

The plaintiff entered into a contract with a third person for the sale of calendars. The defendant entered into a contract with the plaintiff to manufacture and deliver the calendars and as security the plaintiff assigned to the defendant the amounts due and to become due under its contract with the third person, the collections of which were to be made by the plaintiff, unless the defendant deemed

it necessary to protect its interest to make collections directly from the third person. Under the contract the defendant had the right to take any steps it might be advised necessary to protect its rights and was required to account to the plaintiff for any money it collected from the third person in excess of the amount due from the plaintiff to the defendant, and lastly, the plaintiff guaranteed full payment of the contract entered into between it and the defendant.

The defendant acted within the terms of the contract when, upon the third party becoming financially embarrassed, it entered into a creditor's plan of readjustment and accepted payment under that plan, part in cash and part in a deferred payment certificate, and it had the right to retain the cash accepted up to the amount of its claim against the plaintiff and to relieve itself of obligation to the plaintiff by tender of the balance of the cash and the deferred payment certificate.

The defendant had the right under the contract to take the steps outlined without the consent of the plaintiff, but the evidence clearly establishes that before the defendant did accept the creditor's plan of readjustment, it obtained the consent of the plaintiff's president.

APPEAL by the defendant, The W. F. Powers Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of January, 1926, upon the verdict of a jury rendered by direction of the court.

*E. V. Conwell* of counsel [*Clinton H. Blake, Jr.,* with him on the brief; *Blake, Durham, deMilhau & Conwell,* attorneys], for the appellant.

*Frederick Zorn* of counsel [*Joseph Kahn* with him on the brief; *Kahn & Zorn,* attorneys], for the respondent.

MERRELL, J. The action was brought by the plaintiff, a domestic corporation, to recover of the defendant, also a domestic corporation, the sum of $5,022.43, with interest and costs, the plaintiff alleging in its complaint that said sum was a balance of moneys had and received by the defendant for and on account of the plaintiff. The plaintiff, in its complaint, alleged that between October 1, 1921, and March 30, 1922, the defendant received certain payments from the Columbia Graphophone Company aggregating $32,213.43, and that the said defendant also received a participation certificate of said Columbia Company, payable April 1, 1922, for the sum of $5,245.54, which certificate was made payable to the said defendant; that said sums of money were received by the defendant, as well as said certificate, for defendant's own account, except that it received for the use, benefit and account of the plaintiff the sum of $8,474.73, and that, although duly demanded, no part of said sum had been paid by the defendant to the plaintiff, except the sum of $3,452.30, leaving a balance of $5,022.43 due and owing the plaintiff from the defendant, for which amount, besides interest, the plaintiff demanded judgment in its complaint.

In its answer the defendant alleged the making of an agreement and assignment between the parties on June 10, 1921, which assignment, omitting the certificates of acknowledgment thereof, was as follows:

"AGREEMENT made this 10th day of June, 1921, between J. R. Mayers Co., Inc., a corporation of the State of New York, (called Mayers), of the first part, and The W. F. Powers Company, a corporation of the State of New York (called Powers) of the second part;

" WITNESSETH:

" Mayers has contracted with the Columbia Graphophone Company (called Columbia) for delivery of certain lithographed goods, which contract, dated March twenty-fifth, 1921, is hereto attached, and in procuring such contract has used materials, labor and information furnished by Powers, and Powers has manufactured for and delivered to Mayers, and Mayers to Columbia, certain sample goods;

" Mayers desires Powers to undertake to manufacture and deliver the goods covered by the Mayers-Columbia contract attached, and Powers has agreed to do so in consideration of the execution of this contract, the contract between Powers and Mayers dated March seventeenth, 1921, being hereto attached.

" In consideration of the premises and the execution of said contract by Powers:—

" I. Mayers has sold, assigned, transferred and set over and does hereby assign, sell, transfer and set over to Powers all monies due or to become due to Mayers from Columbia, pursuant to the Mayers-Columbia contract, up to the amount which may be due from and unpaid by Mayers to Powers under the attached Mayers-Powers contract.

" II. It is mutually agreed that Mayers shall make collection of payments under the Columbia contract when and as due, as the agent of Powers, shall keep monies so collected separately and in trust for Powers, and pay the same immediately to Powers up to the amounts payable by Mayers to Powers under the attached contract with Powers, retaining any balances as its compensation.

" III. In view of the confidence of Powers in the reliability and responsibility of Mayers, Powers does not deem it necessary in its interest to directly collect payments under the Columbia contract or take other steps at this time to protect its rights so to do pursuant to the foregoing assignment; but it is mutually agreed that Powers may at any time, if it deem necessary in protection of its interest, collect from Columbia any and all payments under the Columbia contract, and take such steps as it may be advised to protect its rights so to do, notwithstanding anything herein, accounting to Mayers for any excess collected above the amounts due Powers from

Mayers; but in any event Mayers guarantees to Powers full payment under the contract between Mayers and Powers hereto attached.

" It is specifically understood and agreed that Powers is not responsible for the fulfillment of any specifications and conditions in the contract between Columbia and Mayers, unless specifically referred to in the separate contract between Powers and Mayers.

" The sole purpose of the assignment of the payments of Columbia to Mayers is for further security to Powers of the monies which will become due to Powers under its contract with Mayers.

" IN WITNESS WHEREOF the parties hereto have caused their respective corporate names to be set by the hands of their respective Presidents and their corporate seals to be hereunto set and attested by their respective Secretaries, the day and year first above written.

" J. R. MAYERS CO., INC.

"" [SEAL]                    By J. R. MAYERS
                                  "*President*
"Attest:
   " L. J. MAYERS
      "*Vice-President*
" THE W. F. POWERS COMPANY,
"" [SEAL]                    By W. F. POWERS
                                  "*President*
" C. J. HEINS
      " *Secretary* "

The plaintiff corporation was under contract with the Columbia Graphophone Company to furnish a quantity of calendars to said Columbia Company for advertising purposes. The plaintiff was not a manufacturer of such goods, and entered into a contract with the defendant to manufacture the goods and to deliver the same to the plaintiff's customer, the Columbia Company. The evidence shows that between March 17, 1921, and March 20, 1922, the defendant furnished to the Columbia Company, pursuant to the defendant's contract with the plaintiff, calendars of the reasonable value and at the agreed price of $28,775.70. It was agreed between the plaintiff and the defendant that the defendant should look directly to the Columbia Company for its pay, and in furtherance of such agreement the assignment above quoted was entered into between the plaintiff and the defendant. While the calendars furnished by the defendant to the Columbia Company were unpaid for the latter company fell into financial difficulties and a bankers' and creditors' committee was appointed to take over the affairs of the Columbia Company and, if possible, to insure its continuance in business and to effect a settlement with its creditors. Testimony was given at the trial that in September, 1921, the vice-president and general manager of the Columbia Graphophone Company

advised the president of the defendant that the graphophone company was then being operated by a creditors' committee consisting of a representative of the banks, to whom the graphophone company owed its largest amount of money, and its merchandise creditors, and that the said vice-president and general manager of the graphophone company had been delegated by the company to secure the consent of its merchandise creditors to deposit their claims with the general credit committee. The vice-president and general manager of the graphophone company then told the defendant's president that in order to protect the defendant the defendant should deposit its account with the creditors' committee and take the kind of settlement that the creditors' committee had determined to make, which settlement was the best for all of the creditors; that unless the creditors generally deposited their claims, the graphophone company would be driven into bankruptcy and a receiver appointed, and that in the event of the appointment of a receiver the creditors would get less money than they would by depositing their claims with the committee; that if such course was adopted the company could continue to operate. The plan adopted by the creditors' committee was that for all merchandise bills rendered prior to September seventeenth the creditors would be required to take certificates of deferred payments and that on all bills rendered subsequent to September seventeenth payment would be made in cash, the banks advancing the necessary cash to make such payments. The president of the defendant testified at the trial that he at once reported to the president of the plaintiff the proposed scheme, and that plaintiff's president acquiesced therein and advised the defendant that it should, by all means, accept such proposal of the creditors' committee. The defendant's president testified that on a number of occasions he conferred with the president of the plaintiff and told him of the progress of matters, and was at all times advised by the plaintiff's president to take whatever steps were necessary to protect the defendant's rights and to collect its bill for calendars furnished to the Columbia Company. The evidence of plaintiff's president contradicted that of the defendant's president in this respect, and was to the effect that the plaintiff did not acquiesce in such arrangement. A reading of the evidence convinces us that the defendant's president truthfully stated the substance of his conferences with plaintiff's president and of the plaintiff's acquiescence in the proposed liquidation of the debts of the Columbia Company, and that the finding of the trial court contrary thereto was against the weight of the evidence. Be that as it may, we do not think it was of controlling importance whether the plaintiff was informed of or acquiesced in

the proposed settlement of the indebtedness of the graphophone company. We are of the opinion that under the plain import of the written assignment given by the plaintiff to the defendant under date of June 10, 1921, the defendant was justified in filing its claim with the creditors' committee and in accepting the proffered settlement. The testimony of the vice-president and general manager of the graphophone company as to his advising the defendant's president that it was necessary, in order to protect the rights of the defendant, to file its claim and to accept the offer made generally to the creditors of the graphophone company was undisputed. It was, moreover, undisputed that the defendant's president consulted his attorney and was advised by him that the defendant should file its claim with the creditors' committee and accept the adjustment offered. The defendant did, in fact, adopt the proposal of the creditors' committee, receiving in cash over $30,000 of the indebtedness of the graphophone company to the plaintiff assigned to the defendant by said written agreement above quoted, and that for bills rendered prior to September 17, 1921, the defendant received and accepted participation certificate No. 47 for $6,397. Subsequently this participation certificate was exchanged for participation certificate No. 52 for $5,245.54, the difference, or $1,151.46, being paid in cash. Of the total amount received by defendant in cash from the Columbia Company pursuant to the settlement, the defendant paid the plaintiff the sum of $3,452.30, said sum being the balance of cash received from the Columbia Company after paying the indebtedness of the plaintiff to the defendant.

It is conceded that the defendant has received in cash the exact amount of the indebtedness of the plaintiff to it for calendars furnished by the defendant to the Columbia Company, and that the defendant has received no more than sufficient to discharge the said indebtedness to it, except that the defendant accepted as a part of the adjustment the participation certificate for $5,245.54. The plaintiff seeks to charge the defendant with the amount of such certificate as cash received and has refused to accept the said certificate, although duly tendered to the plaintiff by the defendant.

We are of the opinion that the defendant acted well within its rights in accepting the proposed settlement of the Columbia Company. By the 3d paragraph of the written assignment given by the plaintiff to the defendant under date of June 10, 1921, it was stated as follows: " In view of the confidence of Powers [the defendant] in the reliability and responsibility of Mayers [the plaintiff], Powers does not deem it necessary in its interest to directly collect payments under the Columbia contract or take other steps at this time to protect its rights so to do pursuant to the foregoing assign-

ment; *but it is mutually agreed that Powers may at any time, if it deem necessary in protection of its interest, collect from Columbia any and all payments under the Columbia contract, and take such steps as it may be advised to protect its rights so to do, notwithstanding anything herein, accounting to Mayers for any excess collected above the amounts due Powers from Mayers; but in any event Mayers guarantees to Powers full payment under the contract between Mayers and Powers hereto attached.*" It seems to us under this plain provision of the contract, the defendant having been advised that it was necessary to protect its interests to collect its claim from the Columbia Company, it proceeded to collect from said company, and that in accepting the cash payment of thirty-odd thousand dollars, which could only be obtained by the acceptance of the participation agreement for $5,245.54, the defendant acted well within its rights and under the express authority conferred upon it by the written agreement between the parties.

We are, therefore, of the opinion that the court erred in directing a verdict in favor of the plaintiff, and that the defendant should have had a verdict dismissing the plaintiff's complaint, with costs.

The judgment appealed from should be reversed, with costs to the appellant, and judgment directed to be entered in favor of defendant dismissing the complaint, with costs.

CLARKE, P. J., FINCH, MARTIN and BURR, JJ., concur.

Judgment reversed, with costs, and judgment directed to be entered in favor of the defendant dismissing the complaint, with costs.